# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WILLIAM DEMETHRIS BASS,  )
                                 )
      Movant,               )
                                 )
v.                              )         CR414-304
                                 )         CV426-035
UNITED STATES OF       )
AMERICA,                 )
                                 )
      Respondent.       )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 48, to which objections have been filed, doc. 49. Bass' objection is, essentially, that the Magistrate Judge erred in concluding that he presented no "extraordinary circumstance," warranting equitable tolling of the applicable statute of limitations.[1] Doc. 49 at 2-5. His arguments amount

---

[1] Bass also asserts that his Motion could be timely, under 28 U.S.C. § 2255(f)(4), but, as the Magistrate Judge recognized, his asserted grounds concern the propriety of the sentence imposed, doc. 48 at 3-4, and the facts underlying those grounds—as opposed to the legal significance of those facts—were available to him no later than the expiration of his deadline to appeal, *id.* at 5-7. His Objection reiterates his contention that he discovered the legal argument asserted in his Motion in August 2025. Doc. 49 at 2. It does not point to the discovery of any fact that could alter the running of the statute of limitations. *See generally* doc. 49; *see also, e.g., id.* at 4 (noting that the

to the assertion that his lack of legal knowledge "to recognize the sentencing error at the time of judgment," and vague insinuations that his counsel provided ineffective assistance support equitable tolling. *Id.* at 3-4. He is incorrect that lack of legal knowledge supports equitable tolling. *See, e.g., Perez v. Florida,* 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *see also Jones v. United States,* 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002) ("We have determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." (internal quotation marks and citations omitted)). His wholly conclusory assertion that "factual disputes exist regarding [his] counsel's conduct," is also insufficient, as the Magistrate Judge explained. *See* doc. 48 at 9 (citing *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011)). Bass' objections are, therefore, **OVERRULED**. Doc. 49.

---

disputed sentencing enhancement underlying his grounds "involves technical guideline calculations and legal interpretations").

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Doc. 48. Bass' Motion is **DISMISSED** as untimely. Doc. 47. The Clerk is **DIRECTED** to **CLOSE** civil action CV426-035 and enter the appropriate judgment of dismissal.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel,* 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good

---

[2] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3

faith.  Accordingly, movant is not entitled to appeal *in forma pauperis*.

*See* 28 U.S.C. § 1915(a)(3).

SO ORDERED this ___1___ day of April, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4